UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DIEGO QUINTANA, REINALDO QUINTANA,
JR., and all others similarly situated

    Plaintiffs,

vs.

9460 RESTAURANT PARTNERS, LLC d/b/a
The Backyard – Q + Brew, a Florida limited
liability company, and OFFY SHIFMAN,
individually,

    Defendants.
_____/

# **COMPLAINT**

COME NOW Plaintiffs, DIEGO QUINTANA, REINALDO QUINTANA, JR., by and through their undersigned attorneys, and hereby sue Defendants, 9460 RESTAURANT PARTNERS, LLC d/b/a The Backyard – Q + Brew ("RESTAURANT"), a Florida limited liability company, and OFFY SHIFMAN ("SHIFMAN"), individually, and as grounds allege:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff D. QUINTANA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff R. QUINTANA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. Defendant RESTAURANT is a Florida corporation which regularly conducted business within the Southern District of Florida which operated a restaurant.

7. RESTAURANT is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, RESTAURANT operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and RESTAURANT obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. RESTAURANT purchased food ingredients which were produced, manufactured, or grown outside the State of Florida. Two or more employees handled these goods that had previously traveled in interstate commerce. RESTAURANT also purchased food related materials and equipment, including but not limited to pots, pans, trays, utensils and flatware, glasses and cups, plates, stoves and ovens, refrigerators, which were produced or manufactured outside the State of Florida. Two or more employees handled or used these materials that had previously traveled in interstate commerce.

8. Upon information and belief, the annual gross revenue of RESTAURANT was at all times material hereto in excess of $500,000.00 per annum. RESTAURANT had gross annual revenue in excess of $500,000, for the years 2015, 2016. RESTAURANT is expected to have gross

sales or business done in excess of $125,000 for the first three months of the calendar year of 2017, and thus will be a covered entity for the year 2017.

9. By reason of the foregoing, RESTAURANT is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

10. The individual Defendant, SHIFMAN, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs and opt-in plaintiffs. Defendant SHIFMAN controlled the purse strings for the corporate Defendant. Defendant SHIFMAN hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

11. Plaintiffs re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12. Defendant RESTAURANT operates a restaurant. Plaintiffs was employed by the Defendants as a kitchen employee.

## DIEGO QUINTANA

13. Plaintiff D. QUINTANA was employed by the Defendants from the period of December 2014 through February 21, 2017.

14. During the period of December 2014 through January 15, 2015, Plaintiff D. QUINTANA worked as a kitchen employee. Plaintiff D. QUINTANA worked approximately 60 hours per week. Plaintiff was paid at an approximate rate of $10.83 per hour.

15. During the period of May 2016 through February 21, 2017, Plaintiff D. QUINTANA worked as an hourly-paid expeditor. Plaintiff D. QUINTANA was paid a rate of $15.00 per hour during the same period, except during the last week, when Plaintiff D. QUINTANA was not paid any wages. During the same period, Plaintiff D. QUINTANA worked approximately 423 hours for which he was not paid overtime wages.

### **REINALDO QUINTANA, JR.**

16. Plaintiff R. QUINTANA is employed by the Defendants from the period of December 2015 through the present and ongoing time (3/8/17). Plaintiff regularly worked more than 40 hours per week, throughout his employment period, but was not paid overtime wages.

17. During the period of February, 2016 through May, 2016, Plaintiff R. QUINTANA worked approximately 50 hours per week. Plaintiff R. QUINTANA was paid at a rate between $8 and $10 per hour for each hour worked, but was not paid overtime wages when he worked more than 40 hours per week.

18. During the period of June, 2016 through October, 2016, Plaintiff R. Quintana infrequently worked more than 40 hours per week but was not paid overtime wages. During the same period, R. QUINTANA was paid at a rate between $8 and $10 per hour for each hour worked.

19. During the period of October, 2016 through February, 2017, Plaintiff R. QUINTANA worked approximately 100 overtime hours per week. During the same period, R. QUINTANA was paid at a rate between $8 and $16 per hour for each hour worked. Plaintiff R. Quintana was not paid overtime wages when he worked more than 40 hours per week.

20. Defendants were required to pay Plaintiffs their overtimes wages during the two aforementioned periods. Plaintiffs were not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week. Thus, Plaintiffs are owed these hours at a halftime rate.

21. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

22. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiffs were working more than 40 hours per week. Defendants maintained a time-keeping system which reflected that Plaintiffs were working more than 40 hours per week. Defendants were aware of the requirements to pay overtime wages to their employees. Despite having knowledge of overtime laws and that Plaintiffs were entitled to overtime pay, Defendants intentionally or recklessly disregarded the provisions of overtime pay and failed to pay Plaintiffs their overtime wages. There was no good faith basis for failing to Plaintiffs their overtime wages he was due.

23. The similarly situated individuals are those individuals whom were employed by the Defendants as kitchen staff, and whom like the Plaintiff, was not paid overtime wages.

24. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiffs requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

Plaintiff D. QUINTANA realleges and reavers paragraphs 1- 10 above and further states:

25. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

26. Plaintiff D. QUINTANA was employed by the Defendants from the period of December 2014 through February 21, 2017.

27. During the period of May 2016 through February 21, 2017, Plaintiff D. QUINTANA worked as an hourly-paid expeditor. Plaintiff was paid a rate of $15.00 per hour during the same period, except during the last week, when Plaintiff was not paid any wages.

28. Plaintiff D. QUINTANA worked approximately 50 hours during the last week of his employment. Defendants did not have a legal basis to withhold the last week of pay.

29. Defendants unlawfully retained Plaintiff D. QUINTANA's last week of pay.

30. The Defendants wage payment practices to Plaintiff D. QUINTANA for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming minimum wage violations under the Fair Labor Standards Act.

31. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff D. QUINTANA's work schedule and further aware that Plaintiff was paid below the minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Defendants intentionally withheld the Plaintiff's wages. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wage, Defendants continued to withhold the Plaintiff's last week of pay.

32. Plaintiff D. QUINTANA has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff D. QUINTANA requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff D. QUINTANA demands trial by jury of all issues triable as of right by jury.

Dated: March 8, 2017

Mamane Law LLC
10800 Biscayne Blvd., Suite 350A
North Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561